RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FRANK ALLEN, JR.** | **DOCKET NO. 1:13-CV-3308; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN, AVOYELLES CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner Frank Allen, Jr., is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner attacks his forcible rape conviction in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

### Background

Petitioner was charged with forcible rape in a Bill of Information on October 14, 2000. On October 15, 2002, Petitioner was convicted and sentenced to twenty-five years of imprisonment. The conviction was affirmed on appeal, but the sentence was vacated and the case was remanded for re-sentencing. See State v. Allen, 860 So.2d 1179 (Table), 2003-00543 (La.App. 3 Cir. 11/26/03); writ

denied, 872 So.2d 471, 2004-0012 (La. 4/30/04). After re-sentencing, Petitioner appealed. The sentence was once again vacated and remanded for re-sentencing. State v. Allen, 887 So.2d 157 (Table), 2004-00809 (La.App. 3 Cir. 11/10/04). Petitioner was then sentenced to a term of twenty years of imprisonment, with the first ten being without the possibility of parole, probation, or suspension of sentence.

On June 8, 2004, Petitioner filed a Petition for Writ of Habeas Corpus in this court challenging the forcible rape conviction. [1:04-cv-1248, W.D.La.] However, prior to service of process, on May 13, 2005, Petitioner filed a motion to voluntarily dismiss without prejudice so that he could complete exhaustion of his claims in State Court. [1:04-cv-1248, Doc. #11] Petitioner's motion was granted, and his case was dismissed on May 19, 2005.

On an unspecified date, Petitioner filed an Application for Post-Conviction Relief in the Ninth Judicial District Court, Rapides Parish, No. 260,502. Relief was apparently denied, as Petitioner sought writs in Louisiana's Third Circuit Court of Appeal, No. KH 07-00883. The Louisiana Supreme Court denied writs on November 21, 2007. See State v. Allen, 967 So.2d 1160, 2007-2002 (La. 11/21/07).

### *Law and Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply"

to a state prisoner's application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

In general, direct review is concluded either when the United States Supreme Court rejects a petition for certiorari or rules on its merits, or when the 90 days allowed for a petition of certiorari to the Supreme Court expires following the entry of judgment by the state court of last resort. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). In this case, Petitioner did not seek review in the U.S. Supreme Court.

Therefore, his judgment of conviction became final on July 29, 2004, which is ninety days after the Louisiana Supreme Court denied review in State v. Allen, 872 So.2d 471, 2004-0012 (La. 4/30/04). Therefore, under the AEDPA, Petitioner had until July 29, 2005, within which to seek federal habeas relief.

Petitioner filed his first Petition for Writ of Habeas Corpus in this district court on June 8, 2004. Therefore, his initial petition for writ of habeas corpus was filed before the limitations period even began to run. His petition was voluntarily dismissed on May 19, 2005, so that Petitioner could exhaust his remedies in the Louisiana courts. The date that Petitioner filed his application for post-conviction relief is unknown, but the date in which the Louisiana Supreme Court denied review on the post-conviction claims is November 21, 2007. See State v. Allen, 967 So.2d 1160, 2007-2002 (La. 11/21/07).

Although the filing of a petition for writ of habeas corpus in federal court does not toll limitations, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001), petitioner is eligible for the benefit of equitable tolling for the period that his federal habeas corpus petition remained pending since, when filed, his federal petition was timely[1].

---

[1] The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he

Giving Petitioner the benefit of tolling from June 8, 2004, through November 21, 2007, which consists of equitable tolling from the date on which his first 2254 motion was filed in this Court (June 8, 2004) to the date it was voluntarily dismissed (May 19, 2005), and all possible statutory tolling, from the date that his judgment of conviction became final (July 29, 2004), to the date that the Louisiana Supreme Court denied review of Petitioner's post-conviction claims (November 21, 2007), his present petition is still untimely. Petitioner had one year from November 21, 2007, until November 21, 2008, to file a 2254 petition. Allen did not file his petition until December 30, 2013, approximately five years beyond the expiration of the statute of limitations.

Petitioner provides no excuse or explanation for waiting over five years from the writ denial on post-conviction by the Louisiana Supreme Court in 2007 to file the instant petition in 2013.

### *Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[2] and Rule 4 of the Rules Governing

---

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)).

[2] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

§2254 Cases in the United States District Courts.[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR**

---

[3] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[4] Id. at PROC. R. 4.

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 14th day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE